**UNITED STATES of America,
Appellee,**

v.

**Cleon B. MORGAN, Darnel Latouche, Radcliff Barnes, and Corey Carwin, Defendants,**

**Christopher Pryce, Defendant–Appellant.**

**No. 07–2710–cr.**

United States Court of Appeals, Second Circuit.

July 25, 2008.

Xavier R. Donaldson, New York, New York, for Appellant.

Reed Michael Brodsky, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, DAVID G. TRAGER,* District Judge.

### SUMMARY ORDER

Christopher Pryce appeals from a judgment of the United States District Court for the Southern District of New York (Wood, *C.J.*), entered June 11, 2007, convicting him, following a jury trial, of conspiracy to distribute and possess with in- tent to distribute marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846, distribution of and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and carrying a firearm during and in relation to narcotics trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and sentencing him principally to terms of eleven years' imprisonment on the first and second counts, to run concurrently with each other, and five years' imprisonment on the firearm count, to run consecutively to the others. We assume the parties' familiarity with the facts, proceedings below, and specification of issues for review.

Pryce argues that there was insufficient evidence that he carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of that crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). A claim of insufficient evidence is reviewed de novo. *United States v. Lewter*, 402 F.3d 319, 321 (2d Cir.2005). We "review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir.2004), and will disturb the jury's verdict only if we find that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Here, we ask "whether a reasonable jury could, on the evidence presented at trial, find beyond a reasonable doubt that possession of the firearm facilitated a drug trafficking crime." *Lewter*, 402 F.3d at 322. We believe that the jury could reasonably have inferred a "nexus between the firearm and the drug selling operation," *United States v. Finley*,

---

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

245 F.3d 199, 203 (2d Cir.2001), from Mark Daley's testimony that Pryce told him that he needed a weapon because the marijuana business was dangerous, together with the fact that the handgun was found in the immediate proximity of about half a pound of marijuana in Pryce's apartment.

Pryce argues also that there was insufficient evidence that he joined the conspiracy. Resolving issues of credibility, in particular Daley's, in favor of ·the jury's verdict, as we must, *United States v. Reyes*, 157 F.3d 949, 955 (2d Cir.1998), we find that the Government presented "evidence from which it can reasonably be inferred that [Pryce] knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." *United States v. Gaviria*, 740 F.2d 174, 183 (2d Cir.1984).

Pryce challenges the district court's finding that, for sentencing purposes, he was accountable for 63,000 pounds of marijuana. It appears that this figure was generated by multiplying 1,000 pounds, the government's initial rough approximation of the quantity of marijuana seized on September 16, 2003, from a truck rented by defendant Barnes, by 63, the number of trucks alleged by the government to have been rented by Barnes. The government now points out that the amount actually seized on September 16, 2003, was 1,100 pounds, and the correct overall figure should be 69,300 pounds.** Pryce, for his part, insists that the amount of marijuana attributable to Barnes was not within the scope of his agreement with Barnes and not reasonably foreseeable to him. Although the district court found that Pryce knew about Barnes's shipments of marijuana and indeed sold large quantities of

marijuana for Barnes, it is not clear to us whether the district court equated the scope of Pryce's jointly undertaken criminal activity with the scope of the entire conspiracy. "[T]he fact that the defendant is aware of the scope of the overall operation is not enough to hold him accountable for the activities of the whole operation. The relevant inquiry is what role the defendant agreed to play in the operation, either by an explicit agreement or implicitly by his conduct." *United States v. Studley*, 47 F.3d 569, 575 (2d Cir.1995). We remand so that the district court can correct any miscalculation and for a particularized finding of the scope of Pryce's agreement to participate in the conspiracy.

For the foregoing reasons, we AFFIRM the judgment of conviction, VACATE the sentence, and REMAND for resentencing consistent with this order.

---

** Although the district court found Pryce responsible for 63,000 pounds (28,576.8 kilograms), it applied an offense level of 38, which is the offense level for a crime involving more than 30,000 kilograms, U.S.S.G. § 2D1.1(c). The correct offense level for a crime involving 63,000 pounds is 36.